C. G. MATTHEWS et al. v. CLIFTON D. BARNES.

Middle Section.    March 20, 1926.

No petition for Certiorari was filed.

Courts.    Practice.    Court of appeals will not advance case on the docket merely because it would be to the pecuniary advantage of the parties.

Where a motion was filed to have the case advanced on the docket and it was not shown that the case involved a matter of general public interest and the only reason to advance was that it would be to the pecuniary advantage of the parties, held that a case will not be advanced by the court of appeals causing the displacement of prior cases upon such a showing.

Appeal from Chancery Court, Davidson County; Hon. J. B. Newman, Chancellor.

Motion denied.

William Waller, of Nashville, for appellant.

Chas. L. Cornelius and E. J. Walsh, of Nashville, for appellee.

FAW, P. J.    In this cause, the chancellor granted the relief sought by complainant and the defendant appealed to this court. The transcript of the record was filed in this court on February 12, 1926, and, under the rules, the case will stand for hearing at the May Session. The appellant has filed an assignment of errors, brief and written argument, and the case is now before us on a motion of appellant to advance the case for hearing at the present (January) Session, on the ground that "the nature of the case is such that it is greatly to the pecuniary advantage of the parties to have as early a decision as possible."

The motion involves the proper application of the 10th Rule of this court, which is as follows:

"All cases docketed in this court will stand for hearing at the session beginning next after the records are filed; but, on application of the parties, the court may advance for hearing, at any session, cases directly involving matters of general public interest; provided, any such case has been fully prepared for hearing when the application to advance is made; and provided also that, if time and occasion permit, without the displacement of prior cases, the court may try and dispose of any case that may be ready for such disposal, even though such case may be docketed for hearing at a subsequent session, in which event the clerk shall give counsel of record ten days notice in advance of the calling of such case for trial."  151 Tenn., pp. 814-815.

It is not claimed that this case involves a matter of ''general public interest.'' At this time it would be impossible to grant the motion without ''the displacement of prior cases,'' that is, without devoting to the hearing and consideration of this case time to which cases heretofore heard and others to be heard at the present session are entitled.

No reason appears for the advancement of this case, except that it would be to the pecuniary advantage of the parties, or at least, of the appellant, to have as early a decision as possible. This would apply with equal truth to many, probably to nearly all, of the cases on the docket.

If at any time during the present session it can be done without ''displacement of prior cases,'' the court would be glad to appropriate any time and opportunity available to the hearing of this case, but, for the present, the motion is overruled, without prejudice to the right of appellant to renew it if the state of the docket should seem to justify such renewal.

Crownover and DeWitt, JJ., concur.